LOUIS HOBBS v. NEW BERN-GHENT STREET RAILWAY COMPANY.

(Filed 6 October, 1920.)

**Instructions—Employer and Employee—Master and Servant—Evidence— Appeal and Error.**

It is reversible error for the trial judge to charge the jury that the plaintiff was an employee of the defendant to whom the latter owed the duty to furnish a safe place to work, when there was evidence that the plaintiff was at work as an independent contractor.

APPEAL by defendant from *Connor, J.,* at the April Term, 1920, of CRAVEN.

This is an action to recover damages for personal injury, the plaintiff alleging that he was an employee of the defendant, and that while in

9—180

the performance of his duty, taking down certain wires on poles, that a pole broke because of its rotten condition, and he was thrown to the ground and seriously injured.

The defendant denied that the plaintiff was in its employment, and alleged that he was an independent contractor.

His Honor charged the jury that if they believed all of the evidence, the plaintiff was an employee of the defendant, and that it was the duty of the defendant to furnish him a reasonably safe place to work, and the defendant excepted.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Moore & Dunn* for *plaintiff.*
*W. D. McIver and R. A. Nunn* for *defendant.*

ALLEN, J. We are of opinion, upon an examination of the whole evidence, that there is a conflict in the testimony, and that there is some evidence that plaintiff was an independent contractor, and, therefore, that his Honor committed error in giving a peremptory instruction to the jury.

We refrain from discussing the evidence, because, in doing so, we might give undue weight to certain phases of it, and prejudice the rights of the parties upon another trial.

New trial.